ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL XI

| | | |
|---|---|---|
| LUIS DELGADO MÁRQUEZ, *et als.*<br><br>Peticionario<br><br>v.<br><br>MUNICIPIO AUTÓNOMO DE NAGUABO<br><br>Recurridos | KLCE202301390 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de Humacao<br><br>Caso Núm.: NG2023CV00125<br><br>Sobre: SENTENCIA DECLARATORIA, INTERDICTO PERMANENTE, DAÑOS Y PERJUICIOS |

Panel integrado por su presidenta, la Juez Brignoni Mártir, el Juez Candelaria Rosa, la Jueza Alvarez Esnard y la Jueza Díaz Rivera.

Díaz Rivera, Jueza Ponente

**RESOLUCIÓN**

En San Juan, Puerto Rico, a 29 de enero de 2024.

Comparece ante *nos*, Luis Delgado Márquez (Delgado Márquez) y nos solicita que revisemos y revoquemos las órdenes emitidas el 30 de octubre de 2023 y notificadas el 31 de octubre de 2023, y la *Resolución* emitida el 7 de noviembre de 2023 y notificada el 8 de noviembre de 2023, por el Tribunal de Primera Instancia (TPI), Sala Superior de Humacao. Mediante dichos dictámenes, el TPI declaró *No Ha Lugar* la *Moción Urgente en Auxilio de Jurisdicción y de Remedios* y la *Moción Reiterando Solicitud Urgente en Auxilio de Jurisdicción y de Remedio,* que presentó Delgado Márquez. Además, declaró *No Ha Lugar* la *Moción de Reconsideración y de Remedio*, que presentó Delgado Márquez.

Examinada la solicitud de autos, la totalidad del expediente y el estado de derecho aplicable, *denegamos* el auto de *certiorari*, por los fundamentos que exponemos a continuación.

Número Identificador

RES2024_____

**I.**

El 5 de septiembre de 2023, Delgado Márquez presentó una *Demanda* en contra del Municipio Autónomo de Naguabo (Municipio) y otros, sobre sentencia declaratoria, interdicto permanente y daños y perjuicios. En apretada síntesis, solicitó que cesen las acciones encaminadas a expropiar ilegalmente su propiedad y el discrimen político del cual es objeto Rafiel J. González Rodríguez, dado a que dicha propiedad es la que alberga el comité de campaña del pre-candidato a alcalde del Municipio por el Partido Nuevo Progresista (PNP). Esbozó que el Municipio no cuenta con una razón apremiante para ilegalmente expropiar forzosamente la propiedad ni la justa compensación para proceder con dicha expropiación.

Luego de varios incidentes procesales, el 17 de octubre de 2023, Delgado Márquez presentó una *Moción Urgente en Auxilio de Jurisdicción y de Remedios*. En esta, le solicitó al foro de instancia que paralice inmediatamente todo trámite relacionado con la expropiación forzosa de la propiedad en aras de salvaguardar sus derechos, que no se tornen académicos sus reclamos y se materialice un fracaso de la justicia.[1] Agregó que la expropiación es ilegal porque no se le brindó la oportunidad de una compensación justa por la propiedad, ya que el Municipio utilizó como fuentes para sustentar la compensación que le brindó a las partes unas tasaciones por un valor inferior al de la propiedad en cuestión.

El 19 de octubre de 2023, Delgado Márquez presentó una *Moción Reiterando Solicitud Urgente en Auxilio de Jurisdicción y de*

---

[1] Dicha solicitud se hizo en base a que el Municipio había pautado una tercera reunión dentro de la Segunda Sesión Ordinaria para discutir el Proyecto de Resolución Núm. 2 Serie 2023-2024: "De la Legislatura del Gobierno Municipal Autónomo de Naguabo, Puerto Rico, para declarar de necesidad y utilidad pública la propiedad inmueble, finca número 1162 (Edificio Comercial), localizada en la Calle Baldorioty Esquina Goyco #44, Barrio Pueblo, del término municipal de Naguabo, Puerto Rico 1; para autorizar a la alcaldesa, Honorable Miraidaliz Rosario Pagán, a adquirir dicha propiedad mediante expropiación forzosa y/o cualquiera otro método de adquisición de conformidad con las leyes y reglamento; y para otros fines.

*Remedio*. En esta, reiteró la solicitud que presentó en la *Moción Urgente en Auxilio de Jurisdicción y de Remedios*. El 29 de octubre de 2023, el Municipio presentó una *Réplica en Oposición a Solicitud Urgente de Auxilio de Jurisdicción y de Remedios*.

Así las cosas, el 30 de octubre de 2023, el TPI emitió varias órdenes mediante las cuales declaró *No Ha Lugar* la *Moción Urgente en Auxilio de Jurisdicción y de Remedios* y la *Moción Reiterando Solicitud Urgente en Auxilio de Jurisdicción y de Remedio*. Dichas órdenes fueron notificadas el 31 de octubre de 2023. Consecuentemente, el foro de instancia declaró *Ha Lugar* la *Réplica en Oposición a Solicitud Urgente de Auxilio de Jurisdicción y de Remedios* que presentó el Municipio.

Posteriormente, el 1 noviembre de 2023, Delgado Márquez presentó una *Solicitud de Acumulación de Parte* mediante la cual solicitó que se incluyera a los integrantes de la Legislatura Municipal del Municipio como partes indispensables. El 5 de noviembre de 2023, el Municipio presentó una *Moción de Desestimación [...]*. A grandes rasgos, alegó que procede la desestimación de la *Demanda* porque faltan partes indispensables en el pleito. Arguyeron que no ha ocurrido una expropiación forzosa y que tampoco han incurrido en discrimen político.

Así, el 6 de noviembre de 2023, Delgado Márquez presentó una *Moción de Reconsideración y de Remedio* con relación a las órdenes emitidas el 30 de octubre de 2023. El 7 de noviembre de 2023, el TPI emitió una *Resolución* mediante la cual declaró *No Ha Lugar* la solicitud de reconsideración que presentó Delgado Márquez. Dicha *Resolución* fue notificada el 8 de noviembre de 2023. Subsiguientemente, el 26 de noviembre de 2023, el Municipio presentó una *Moción en Cumplimiento de Orden y Réplica a Solicitud de Acumulación de Parte*. En la misma, se opuso a la solicitud para

que se acumule como parte indispensable a los integrantes de la Legislatura Municipal.

Además, el 27 de noviembre de 2023, Delgado Márquez presentó una *Oposición a Moción de Desestimación [...]*. Ese mismo día, Delgado Márquez presentó una *Moción sobre Intención de Presentar Réplica en Oposición y en Solicitud de Término.*

El 8 de diciembre de 2023, la parte peticionaria presentó un *Recurso de Certiorari* ante este Tribunal y alegó la comisión de los siguientes errores:

> **Erró el Foro de Instancia al denegar la Moción en Auxilio de Jurisdicción y de Remedio, la Moción Urgente Reiterando Auxilio de Jurisdicción y de Remedios de las partes recurrentes y al no conceder oportunidad a las partes recurrentes de expresarse en cuanto a la Réplica en Oposición a Solicitud Urgente en Auxilio de Jurisdicción y de Remedio de las partes recurridas, ya que las mociones antedichas dan cuenta de violaciones crasas al debido proceso de ley, en lo que atañe al proceso de expropiación forzosa y el proceso atropellado y antidemocrático mediante el cual se aprobó la Resolución que autoriza dicha expropiación ilegal y al impedir que las partes recurrentes expresen su posición en cuanto a la réplica de las partes recurridas colocando así a las partes recurrentes en un estado de desventaja.**
>
> **Erró el Foro de Instancia al denegar la Moción de Reconsideración de las partes recurrentes las cuales exponen las violaciones graves a nuestro ordenamiento jurídico en lo que concierne al proceso ilegal, inconstitucional, atropellado de expropiación forzosa contra las partes recurrentes.**

El 13 de diciembre de 2023, emitimos una *Resolución* mediante la cual le concedimos a la parte recurrida un término de veinte (20) días para que expresara su posición al recurso. El 11 de enero de 2024, el Municipio presentó un *Alegato de las Partes Recurridas*. Con el beneficio de la comparecencia de todas las partes, procedemos a resolver.

**II.**

**A. Certiorari**

El auto de *certiorari* es el recurso extraordinario mediante el cual un tribunal de jerarquía superior puede revisar, a su discreción, una decisión de un tribunal inferior. *Rivera Gómez y otros v. Arcos Dorados Puerto Rico, Inc. y otros*, 2023 TSPR 65, 212 DPR ___ (2023). Véase, además, *Torres González v. Zaragoza Meléndez*, 211 DPR 821 (2023); *800 Ponce de León Corp. v. AIG*, 205 DPR 163, 174 (2020); *Pueblo v. Díaz de León*, 176 DPR 913, 917 (2009). En particular, es un recurso mediante el cual se solicita la corrección de un error cometido por un foro inferior. *Torres González v. Zaragoza Meléndez, supra.* Así pues, la determinación de expedir o denegar un recurso de *certiorari* está enmarcada en la discreción judicial. *800 Ponce de León Corp. v. AIG, supra.* No obstante, la discreción judicial para expedir o no el auto de *certiorari* solicitado no ocurre en un vacío ni en ausencia de unos parámetros. *Torres González v. Zaragoza Meléndez, supra.*

A esos efectos, la Regla 52.1 de Procedimiento Civil (32 LPRA Ap. V) limita la autoridad de este Tribunal de Apelaciones para revisar las órdenes y resoluciones interlocutorias que dictan los tribunales de instancia por medio del recurso discrecional del *certiorari*. Véase, *Scotiabank of PR v. ZAF Corp.,* 202 DPR 478, 486-487 (2019). En lo pertinente, la precitada disposición reglamentaria, *supra,* dispone que:

> El recurso de certiorari para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, solamente será expedido por el Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 o de la denegatoria de una moción de carácter dispositivo. No obstante, y por excepción a lo dispuesto anteriormente, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía, en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia, al denegar la expedición de un recurso de certiorari en estos casos, el

Tribunal de Apelaciones no tiene que fundamentar su decisión.

Si ninguno de esos elementos está presente en la petición ante la consideración del Tribunal, procede abstenerse de expedir el auto, de manera que se continúen los procedimientos del caso, sin mayor dilación, ante el Tribunal de Primera Instancia. *García v. Asociación*, 165 DPR 311, 322 (2005); *Meléndez Vega v. Caribbean Intl. News*, 151 DPR 649, 664 (2000); *Lluch v. España Service Sta.*, 117 DPR 729, 745 (1986).

Con el fin de que podamos ejercer de una manera sensata nuestra facultad discrecional de entender o no en los méritos de los asuntos que son planteados mediante el recurso, la Regla 40 de nuestro Reglamento, 4 LPRA Ap. XXII-B, señala los criterios que debemos considerar al atender una solicitud de expedición de un auto de *certiorari. Torres González v. Zaragoza Meléndez, supra.* En lo pertinente, la precitada disposición reglamentaria dispone lo siguiente:

> El Tribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de *certiorari,* o de una orden de mostrar causa:
>
> A.  Si el remedio y la disposición de la decisión recurrida a diferencia de sus fundamentos son contrarios a derecho.
>
> B.  Si la situación de hechos planteada es la más indicada para el análisis del problema.
>
> C.  Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.
>
> D.  Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.
>
> E.  Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.
>
> F.  Si la expedición del auto o de la orden de mostrar causa no causa un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.
>
> G.  Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

Nótese que, distinto al recurso de apelación, el auto de *certiorari,* por ser un recurso discrecional, debemos utilizarlo con

cautela y por razones de peso. *Pueblo v. Díaz de León, supra,* pág. 918.

Ahora bien, el Tribunal Supremo de Puerto Rico reiteradamente ha indicado que la *discreción* significa tener poder para decidir en una u otra forma, esto es, para escoger entre uno o varios cursos de acción. *Pueblo v. Rivera Santiago*, 176 DPR 559, 580 (2009); *García v. Padró*, 165 DPR 324, 334 (2005). El adecuado ejercicio de la discreción judicial está "inexorable e indefectiblemente atado al concepto de la razonabilidad". *Pueblo v. Ortega Santiago*, 125 DPR 203, 211 (1990). Así pues, un tribunal apelativo no intervendrá con las determinaciones discrecionales de un tribunal sentenciador, a no ser que las decisiones emitidas por este último sean arbitrarias o en abuso de su discreción. *Pueblo v. Rivera Santiago, supra,* pág. 581; *S.L.G. Flores, Jiménez v. Colberg*, 173 DPR 843 (2008).

### III.

Delgado Márquez solicita que este Tribunal intervenga para que revisemos y revoquemos las órdenes emitidas el 30 de octubre de 2023 y notificadas el 31 de octubre de 2023 y la *Resolución* emitida el 7 de noviembre de 2023 y notificada el 8 de noviembre de 2023, por el foro recurrido. Luego de examinar detenidamente el expediente del recurso ante nuestra consideración, declinamos ejercer nuestra discreción para expedir el auto discrecional solicitado. *Veamos.*

Al examinar el trámite procesal del caso, específicamente, la *Moción Urgente en Auxilio de Jurisdicción y de Remedios*, la *Moción Reiterando Solicitud Urgente en Auxilio de Jurisdicción y de Remedio* y la *Moción de Reconsideración y de Remedios*, que presentó Delgado Márquez, así como las correspondientes oposiciones, no encontramos indicio de que el foro recurrido haya actuado de forma arbitraria, caprichosa, haya abusado al ejercer su discreción o cometido algún error de derecho al emitir los dictámenes recurridos.

*Pueblo v. Rivera Santiago, supra*; *S.L.G. Flores, Jiménez v. Colberg, supra*. Véase, además, *Trans-Oceanic Life Ins. V. Oracle Corp*, 184 DPR 689, 709 (2012).

Así, el foro recurrido evaluó la *Moción Urgente en Auxilio de Jurisdicción y de Remedios* y la *Moción Reiterando Solicitud Urgente en Auxilio de Jurisdicción y de Remedio* que presentó Delgado Márquez y la *Réplica en Oposición a Solicitud Urgente de Auxilio de Jurisdicción y de Remedios* que presentó el Municipio, y, en consecuencia, ejerció su discreción al declarar *No Ha Lugar* la solicitud de la parte peticionaria. Con tal proceder, el foro de instancia actuó dentro de su discreción y conforme a derecho, pues el Tribunal tiene amplia facultad para disponer de los procedimientos ante su consideración de forma que se pueda asegurar la más eficiente administración de la justicia. *Vives Vázquez v. E.L.A.*, 142 DPR 117 (1996).

En fin, evaluados los criterios establecidos en la Regla 52.1 de Procedimiento Civil, *supra*, y los de la Regla 40 del Reglamento del Tribunal de Apelaciones, *supra*, resolvemos denegar el *certiorari* solicitado, pues no identificamos fundamentos jurídicos que nos motiven a expedir el mismo en esta etapa de los procedimientos.

**IV.**

Por los fundamentos que anteceden, *denegamos* la expedición del auto de *certiorari* solicitado. Devolvemos el asunto al foro de origen para la continuación de los procedimientos.

Lo acordó el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones